Lojring, J.,
dissenting:
I think the vessel was taken, not under the charter-party, but under the right of the government to take private property for public use. This entitled the petitioner to “an indemnity,” but that could not be fixed beforehand by the acting quartermaster who made this charter-party, for he was not the agent of the United States for that purpose— that duty was not committed to him and he could not perform it, for he could not tell beforehand what would be “an indemnity” or the *25 worth of the vessel at some future time not fixed, and I think there ' is no evidence that he attempted it. His acts are to be referred to his authority and their express terms. His authority was to hire and purchase vessels for transportation, and the terms of the charter-party refer to the use and purchase of the vessel, and perils from the public enemy in her use.
The destruction of the vessel was by the orders of Generals Grant and Butler, and it is not shown or suggested that they acted in any reference to the charter-party, and they were as unauthorized as the quartermaster to fix “the indemnity.”
I think the ■“ destruction” of the vessel is within the terms and meaning of the first section of the act of 4th July, 1864,(13 U. S. L., 381,) and I think the case is removed from our jurisdiction by that act.